UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JANE DOE, JOHN DOE, DOE CHILD 1,
and DOE CHILD 2,

                            *Plaintiffs*,

                  -against-

DR. EDWARD A. SALINA, JR., *et al*.,

                           *Defendants*.
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
23-CV-3529 (JMW)

**A P P E A R A N C E S:**

Ronald A. Berutti, Esq.
**Murray-Nolan Berutti LLC**
30 Wall St.
New York, NY 10005
*Attorney for Plaintiffs*

Adam I. Kleinberg, Esq.
**Sokoloff Stern LLP**
179 Westbury Avenue
Carle Place, NY 11514
*Attorney for Defendants*

**WICKS**, Magistrate Judge:

      Plaintiffs Jane Doe and John Doe, a husband and wife (the "Parent Plaintiffs"), bring this action with their two minor children, Doe Child 1, and Doe Child 2 (the "Doe Children") (collectively, "Plaintiffs"), pursuant to 42 U.S.C. § 1983, alleging claims against a Long Island school district and various school administrators arising out of Jane Doe's "public advocacy" against policies implemented at her children's elementary school, including its COVID-19 mask protocols. *See generally* ECF No. 1. In response to this advocacy, the Complaint alleges, school

1

administrators banned Jane Doe from school property, and the Doe Children faced retaliatory and unequal treatment for attending school without masks. *Id*.

On May 25, 2023, this Court ordered Plaintiffs to show cause why they should be permitted to litigate this suit using pseudonyms. (ECF No. 8.) On May 30, 2023, Plaintiffs filed their Motion for Protective Order/To Proceed Under Pseudonyms (ECF No. 11), primarily arguing that "the Doe Children are very young, and there is reasonable fear and concern that by filing under their own names, retribution will be taken against [them]." (*Id*. at 5.) Defendants oppose Plaintiffs' Motion, and request that the Court direct the Parent Plaintiffs to disclose their identity and use initials for the Doe Children. (ECF No. 12.) Now before the Court is Plaintiffs' Motion for Protective Order/To Proceed Under Pseudonyms (ECF No. 11), and Defendants' Response in Opposition (ECF No. 12.) For the reasons stated herein, Plaintiffs' Motion for Protective Order/To Proceed Under Pseudonyms (ECF No. 11) is **GRANTED**.

## BACKGROUND

Plaintiffs commenced this action on May 10, 2023, pursuant to 42 U.S.C § 1983, alleging the Doe Children's constitutional rights were violated because Defendants retaliated against them for criticizing Defendants' policies and curricula. (ECF No. 1 at ¶ 1.) Specifically, Plaintiffs allege the Doe Children were enrolled in Eastplain Elementary School within the Plainedge Union Free School District ("Plainedge" or the "District"), and their mother, Mrs. Doe, was an "active opponent" to the District's COVID-19 protocols related to universal masking, social distancing, and placement of plexiglass around seating in classrooms, as well as what Plaintiffs claim to be "racially divisive" and "anti-police" curricula and programming. (*Id*. at ¶¶ 10-11, 26-41, 42-68.)

Plaintiffs allege Defendants violated Plaintiffs' civil rights by excluding Mrs. Doe from school premises, and by segregating and discriminating against Plaintiffs for their public advocacy on mask choice "and other matters of public concern and relevance" in the Plainedge community. (*Id.* at ¶ 2.) Plaintiffs further allege that Defendants spied on Mrs. Doe, interfered with Plaintiff's rights to free speech and freedom of assembly. (*Id.* at ¶ 3.) The Complaint asserts the Doe Children were faced with hostile conditions in school "by an administration that knowingly looked the other way and abdicated their constitutional obligations at the Doe Children were bullied, all in retribution for the [P]laintiffs exercising their constitutional rights[,]" (*id.* at ¶ 4), and that eventually, Doe Child 1 "could no longer attend school due to the emotional damage being caused to him." (ECF No. 11 at 7; *Id*. at ¶ 157-168.)

On May 24, 2023, Defendants filed a motion for extension of time to answer the Complaint, which was granted by the undersigned on May 25, 2023. (*See* Electronic Orders dated May 24, 2023 and May 25, 2023.) On May 25, 2023, District Judge Eric R. Komitee ordered the Plaintiffs to show cause "why, under the standard set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) ("*Sealed Plaintiff*") and other applicable law, the Court should permit them to remain anonymous in this action." (*See* Electronic Order dated May 25, 2023.) On May 30, 2023, Plaintiffs filed their Motion for a Protective Order/To Proceed Under Pseudonyms (ECF No. 11).

In support of their Motion, Plaintiffs claim that "the Doe [C]hildren, who both are grammar school age, were so discriminated against and bullied due to their mother's advocacy that they were pulled out of the District's public schools, despite the economic hardship caused [to the family] by such decision" and Plaintiffs "filed their Complaint seeking anonymity in order to protect [the Doe Children] from being the subjects of widespread and potentially

3

damaging publicity." (ECF No. 11 at 7.) Plaintiffs argue they satisfy the requirements for anonymous pleading set forth in *Sealed Plaintiff*. (*Id*. at 8.) *First*, Plaintiffs argue the instant litigation is "highly sensitive and personal in nature" because of the retribution taken against the Doe Children. (*Id*. at 9.) Specifically, Plaintiffs claim that while the Doe Children have now transferred out of the District's schools, "[P]laintiffs have significant reason to fear that by filing this suit and standing up for [the Doe Children's rights], children, teachers, and parents in their new school may repeat the pattern of bullying and harassment of the Doe Children or such bullying and harassment could occur in the future due to social media sensationalism." (*Id*. at 9-10.)

*Second*, Plaintiffs argue identification of the Plaintiffs poses a risk of retaliatory physical or mental harm to the Doe Children and others because, as Plaintiffs note, the Doe Children have already had to leave the District's schools because of the "mental cruelty of other children toward Child 1" and "associated children were the subject of retaliatory actions at school for acting" in accordance with Mrs. Doe's advocacy, "thus placing [the] associated children at risk of retribution by staff who may be unaware of their involvement with the Doe [C]hildren." (*Id*. at 10.) *Third*, Plaintiffs argue that their identification presents other harms, including the "constant reminder to Mrs. Doe's detractors that acting out against her children may 'teach her a lesson' not to speak out in an effort to chill constitutionally protected speech" and the "additional and avoidable harm" to the Doe Children. (*Id*.)

*Fourth*, Plaintiffs contend the Doe Children are minor plaintiffs who "have already suffered emotional trauma due to experiences related to this litigation" and are grammar school children who "deserve privacy despite bringing this lawsuit so that they are not re-victimized for seeking vindication of their rights." (*Id*. at 11.) *Fifth*, Plaintiffs argue the suit is challenging the

4

actions of government and not of private parties because the claims here are against "state actors who have public duties," and whose "private interests are not at stake in the same way as a private party's interests would potentially be compromised by virtue of an anonymous filing." (*Id*.) *Sixth*, Plaintiffs maintain that Defendants would not be significantly prejudiced by the anonymous filing, as "Defendants were state actors who engaged in allegedly unconstitutional conduct in terms of their treatment of Mrs. Doe due to her advocacy, and who then allegedly retaliated against her children[,]" and there is "little or no need to identify the Doe family by name for [D]efendants to attempt to defend their actions." (*Id*. at 11.)

*Seventh*, Plaintiffs argue their identity has thus far been kept confidential, as Plaintiffs have filed under pseudonyms and have done nothing to reveal their identities to the public at large since filing. (*Id.* at 12.) *Eighth*, Plaintiffs maintain the public's interest in the litigation is not furthered by requiring Plaintiffs to disclose their identity. (*Id*.) Plaintiffs concede that the issues which Mrs. Doe advocated and Defendants' alleged retaliatory conduct toward Mrs. Doe and her children were of great public interest, however, Plaintiffs argue none of such "publicly important issues requires the names of [P]laintiffs to be identified in order for such issues to be examined in the context of the facts by the public." (*Id.* at 12.)

*Ninth*, Plaintiffs maintain their identity is of virtually no importance to the legal questions involved in the instant case, which concern Defendants' alleged violations of the Plaintiffs' constitutional rights based on Defendants' conduct. (*Id.* at 13.) *Finally*, Plaintiffs argue there are no alternative mechanisms for protecting their confidentiality. (*Id*.) For example, Plaintiffs contend, requiring the Parent Plaintiffs to identify themselves by name necessarily implicates the Doe Children, and complete anonymity is therefore required to shield the Doe Children. (*Id*.) Overall, Plaintiffs maintain that to "weigh Defendants' desire for Plaintiffs to reveal their

5

identities as being greater than the need to protect the [Doe Children] from further and additional damaging harassment, intimidation, and bullying, would constitute a clearly erroneous fact finding" under *Sealed Plaintiff*. (*Id*. at 14.)

On June 7, 2023, Defendants filed their response in opposition, requesting that the Court direct the Parent Plaintiffs to disclose their identity and utilize initials for the Doe Children. (ECF No. 12.) Defendants argue that Plaintiffs' analysis "essentially seeks to establish a precedent where any student or parent seeking to challenge a school district would be entitled to anonymity." (*Id*. at 1.) *First*, Defendants argue that the Doe family served a Notice of Claim on the District in April 202, prior to filing suit, and the caption of the document identified each of the Plaintiffs by name. (*Id*. at 2.) Defendants claim the Notice of Claim is maintained as part of the District's records and is subject to production in accordance with the Freedom of Information Law, and, therefore, Defendants argue Plaintiffs have not kept their identity confidential to date. (*Id*.) *Second*, Defendants argue that Plaintiffs' own allegations acknowledge the public nature of their positions and complaints within the community, on social media, and at public meetings. (*Id*.)

*Third*, with respect to fear of retaliation, Defendants contend that the Doe Children are no longer District students and therefore "there is no risk of retaliation beyond a conclusory and speculative belief that an unspecified community would be opposed to [P]laintiffs' political positions or attempt to seek redress in court[,]" which, Defendants argue, is an insufficient basis to evade Rule 10 requirements. (*Id*.) Defendants maintain the "unilaterally declared threat of a hostile public reaction should not justify anonymity." (*Id*.) In support of their contentions, Defendants rely primarily on a Texas District Court decision, *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264 (E.D. Tex. 2007) ("*Rose*").

6

In *Rose*, a female high school graduate brought suit against her former school district and district officials asserting that she was forced to participate in oral sex with male athletes at her former high school. *Id*. The Court held plaintiff was required to sue under her own name, and noted that: (i) while there was embarrassment involved in name disclosure, protection of a minor was no longer a consideration as suit began when plaintiff was 19, (ii) the public had strong interest in knowing who was using its courts, and (iii) individuals most likely to come into contact with graduate, posing safety and other concerns, already knew her true identity. *Id*. at 266.

On February 20, 2024, the undersigned held the date in which the parties were to amend the Complaint in abeyance pending the outcome of this Court's decision on Plaintiff's Motion for a Protective Order/To Proceed Under Pseudonyms. (ECF No. 24.) On March 14, 2024, the parties consented to the undersigned's jurisdiction for all purposes, and the case was reassigned to the undersigned. (ECF Nos. 25-26.)

## **DISCUSSION**

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). Sometimes, however, using a parties real name to pursue litigation could impair the very rights the person seeks to protect, thus courts have permitted individuals to proceed under pseudonyms when privacy rights are at issue. *See, e.g., Smith v.* Doe, 538 U.S. 84 (2003) (pseudonym used to challenge sex offender registration and notification system). The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188–89. Pseudonyms are therefore "the exception and not the rule," and a party seeking

7

to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). However, Federal Rule of Civil Procedure 5.2(a) directs courts to use only initials to reference "an individual known to be a minor," in recognition of the privacy interests of children.

When considering a plaintiff's request to proceed anonymously, a court must balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has set forth a non-exhaustive list of ten factors to guide courts in balancing these interests. *Id*. at 189–90. A district court considering a request to proceed anonymously need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191. The Court considers the *Sealed Plaintiff* factors in turn.

## I. Sensitivity of the Subject Matter

The first factor asks "whether the litigation involves matters that are highly sensitive and [of a] personal nature." *Id.* at 190. Here, the Complaint includes allegations of bullying and harassment — both of Mrs. Doe and of the minor Doe Children — as well as information regarding the education and mental health of the Doe Children. Such subjects are certainly "sensitive" and "personal" for any litigant, but courts in this Circuit have found this to be particularly true for minors. *See P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490 at *3 (W.D.N.Y. Sept. 22, 2008) (finding the subject matter particularly sensitive when the "information contained within the administrative record for such a claim will almost certainly contain social, medical and psychological information about the minor child"). The litigants' age is discussed further below, but the sensitivity of the social, educational, and psychological matters involved in this case favors Plaintiffs' anonymity.

## II. Risk of Retaliation

*Second*, courts consider "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [requesting anonymity] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190.  Plaintiffs contend that retaliation has already occurred, in the form of Ms. Doe being blocked and ultimately banned from school property, (*see* ECF No. 1 at ¶¶ 88-101, 141), the Doe children being segregated from other children at school due to their choice not to wear masks, (*id.* at ¶¶ 109, 113, 119), other, unspecified "mean" treatment from school officials, (*id.* at ¶ 131), and bullying and exclusion from classmates, (*id.* at ¶¶ 158, 184).

Plaintiffs do not, however, provide a specific indication that such retaliation will recur as a result of unsealing, particularly given that the Doe Children have already changed school districts, and mask mandates have lifted in schools.  *See* ECF No. 1 at ¶ 184; ECF No. 11 at 6.  Further, "[t]he risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously . . . the potential injury alleged must be more than mere embarrassment or social stigmatization." *Foukas*, 2021 WL 8892823, at *2 (cleaned up).  This is true even when plaintiffs assert that they "will become subject to future criticism, social stigma, and ridicule, along with their children." *Lawson*, 2019 WL 5291205, at *2.  Ultimately, because Plaintiffs have included allegations of past retaliation for the public actions and advocacy involved in this case, but have not detailed a likelihood of retaliation due to disclosure specifically, this factor does not weigh heavily in favor of either party's position.

## III. Other Harms

The third factor asks "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the

9

disclosure of the plaintiff's identity." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs' assertion that their minor children will face continued psychological damage if made to proceed under their own names is "vague" and too "speculative in nature" to carry plaintiff's burden. *Anonymous v. Medco Health Sols.*, Inc., 588 F. App'x 34, 35 (2d Cir. 2014). Further, it is not clear that this should be considered a separate harm from the potential retaliation-related harms discussed above. Thus, this projection of "generalized harm" is insufficient to weigh in Plaintiffs' favor. *Doe v. McLellan*, CV 20-5997, 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020).

### IV. Plaintiffs' Ages

*Fourth*, and most pertinent here, the court must consider "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190. Age is a critical factor in determining whether a party is especially vulnerable to the harms of disclosure and consequently courts have been readier to protect the privacy interest of minors in legal proceedings than those of adults. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). In *Be v. Comcast Corp.*, for example, this factor weighed in favor of proceeding anonymously because the health of the plaintiff's minor daughter was central to the litigation, even though the plaintiff herself was not a minor. *Comcast*, 2021 WL 694556, at *1. Likewise, Mr. and Mrs. Doe are not minors, but the Doe Children are minors, (*see* ECF No. 11 at 7), and as courts in this Circuit have recognized, "the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." *P.M.*, 2008 WL 4379490, at *3.[1]

---

[1] The Second Circuit has also noted that "only a minor's initials should be used in publicly filed documents, and this rule extends to the child's parents." *S.F. v. Archer Daniels Midland Co.*, 594 F. App'x 11, 12 n.1 (2d Cir. 2014) (summary order). The undersigned notes that the instant case is also distinguishable from *Rose*, in that the plaintiff in that case was 19 when she brought suit and therefore no longer a minor. *See Rose*, 240 F.R.D. at 266.

10

Furthermore, the Doe Children's mental health is raised in Counts IV, V, and VI of the complaint. *See* ECF No. 1 at 38–41. Similar concerns regarding the phycological wellbeing of children are considered sufficient to make litigation brought under the Individuals with Disabilities Education Act presumptively pseudonymous. *See P.M.*, 2008 WL 4379490. This is true not only for severe disabilities, but also relatively common conditions like dyslexia and Attention-Deficit/ Hyperactivity Disorder. *See, e.g. Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377 (2d Cir. 2003); *Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366 (S.D.N.Y. 2006); *Matrejek v. Brewster Cent. Sch. Dist.*, 471 F. Supp. 2d 415 (S.D.N.Y. 2007), *aff'd*, 293 F. App'x 20 (2d Cir. 2008). The potential stigma associated with such revelations is surely no greater than that described here. The Doe Children are particularly vulnerable in light of their age, and thus, the fourth factor weighs strongly in favor of proceeding anonymously.

### V.  **Public or Private Defendants**

The fifth factor looks to "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs here are suing a public actor which, they assert, weighs in favor of anonymity. *See* ECF No. 11 at 7. Indeed, where a plaintiff sues a governmental entity, plaintiff's interest in proceeding anonymously is considered "particularly strong". *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Therefore, this factor weighs in favor of proceeding anonymously.

### VI.  **Prejudice to the Defendant**

Factor six asks "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs contend that Defendants are not significantly prejudiced by

11

the anonymous filing and that they should be able to justify their actions regardless of who is bringing suit. (ECF No. 11 at 11.) Courts have found this to be true where no defendant opposed the plaintiff's request to proceed anonymously. *Comcast*, 2021 WL 694556, at *1; *P.D. by H.D. v. Neifeld*, 2022 WL 818895, at *2. Here, however, Defendants actively oppose Plaintiffs' request, (ECF No. 12), and generally speaking, "[a]llowing plaintiff to proceed anonymously would disadvantage the defendant at all stages of litigation, including settlement, discovery, and trial." *McLellan*, 2020 WL 7321377, at *3.

This is *not* a case, however, in which the Defendants are entirely in the dark as to who is suing them. As discussed further below, (see *infra* Section VII), Defendants are on notice regarding the identities of Plaintiffs. Much like in Individuals with Disabilities Education Act ("IDEA") cases, the defendant "will . . . know the identity of the plaintiff because the defendant will necessarily have been involved in administrative proceedings" regarding the claims. *P.M.*, 2008 WL 4379490 at *3. Here, too, the Defendants were involved in the educational, administrative, and disciplinary actions that form the basis for the lawsuit. Therefore, this factor favors anonymity.

## VII. Confidentiality to Date

Next, the Court must consider "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. While Plaintiffs argue that their identity has remained confidential, (ECF No. 11 at 8), Defendants note that "the family served a notice of claim on the District in April 2022, prior to filing suit . . . [that] identified each of these plaintiffs by name." (ECF No. 12 at 2.) This notice, however, is not a publicly filed document, though it may be subject to production pursuant to a Freedom of Information Law request. In their public filings, Plaintiffs have maintained their anonymity.

12

Defendants additionally point out that, "plaintiffs acknowledge the public nature of their positions and complaints within the community, on social media, and at public meetings." *Id.* When "a plaintiff has been named in another case or publicly connected with the facts underlying the suit, courts will find this factor cuts against proceeding anonymously." *Foukas*, 2021 WL 8892823, at *4. While some of the underlying events occurred in a public school and on social media, the Facebook group discussed in the Complaint was private, (*see* ECF No. 1 at ¶ 69), and many of the interactions and communications that underly the allegations were similarly private. Therefore, this factor does not counsel disclosure. *Cf.* Jayne S. Ressler, *Privacy, Plaintiffs and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age,* 53 Kan. L. Rev. 195 (2004) (arguing for plaintiffs with freer access to pseudonymity protection in the face of technological encroachment upon their privacy).

## VIII. Public Interest

The eighth factor asks courts to consider "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs argue that "[t]he issues which Mrs. Doe advocated were of great public interest," but that "none of such publicly important issues requires the names of the plaintiffs to be identified." (ECF No. 11 at 8.) Although, "the public has a right to know who is using the courts," especially when issues of significant public concern are raised, *Comcast*, 2021 WL 694556, at *2, this public interest is thwarted if disclosure would cause the plaintiffs not to pursue the action (though Plaintiffs have not stated specifically that they would not), *see Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (holding that Plaintiffs have not satisfied their burden for pseudonymous pleading but conceding that "[t]he value of open proceedings disappears when there are no proceedings to be had."). Finally, as in IDEA Act litigation, the identity of the

13

Plaintiffs is not necessary "for the public to assess the appropriateness of a School District's response." *P.M.*, 2008 WL 4379490 at *3. Therefore, this factor weighs in favor of anonymity.

### IX. Nature of Claims

The penultimate factor asks "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs argue that their identities are not important to the legal questions involved in their claims. (ECF No. 11 at 9.) However, since the issues rely on "extensive facts" and are not purely legal questions, this factor weighs in favor of disclosure. *Id.*; *see also Roe*, 2020 WL 6152174, at *6 (holding that where the issues are not purely legal, this factor weighs against proceeding anonymously).

### X. Alternative Mechanisms

Finally, the court must consider "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. Alternative mechanisms may include protective documents, redactions, confidentiality agreements or sealing documents. *See McLellan*, 2020 WL 7321377, at *4. Plaintiffs argue that directing Jane and John Doe to disclose their identities would necessarily identify the Doe children, and no alternatives exist to protect the minors' confidentiality. (ECF No. 11 at 9.) Because the identity of the Doe Children generally is the concern here, rather than certain specific information that could be redacted or sealed, this factor favors anonymity.

Ultimately, while no singular consideration is dispositive in determining whether a plaintiff should be able to proceed anonymously, the age of the minor Plaintiffs here weighs strongly in favor of anonymity, particularly given the personal nature of the claims at issue and the limited prejudice to Defendants if anonymity is granted. Because the Doe Children's

14

identities would be immediately discernable if Jane and John Doe were required to proceed by name, the interest in anonymity in this case outweighs the public interest in disclosure and the prejudice to the Defendants. In light of the above considerations, Plaintiffs have "rebut[ted] the presumption of disclosure" created by Rule 10(a). *Pilcher*, 950 F.3d at 45.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Proceed Pseudonymously (ECF No. 11) is **GRANTED**.

Dated: Central Islip, New York
March 25, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge